UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
_____

DAVID GIDDINGS,

        Plaintiff,

v.                                                                                                                        Case No. 07-CV-370

PRINCIPAL FINANCIAL GROUP, INC.,
PRINCIPAL FINANCIAL ADVISORS, INC., and
PRINCIPAL LIFE INSURANCE COMPANY,

        Defendants.
_____

## ORDER

Plaintiff David Giddings (Giddings) filed his complaint in this action in Washington County Circuit Court, alleging claims of breach of contract, defamation, and tortious interference with contractual relations against the defendants (collectively "Principal"), his former employer. On April 20, 2007, Principal removed this action based upon diversity of citizenship. On January 15, 2008, Giddings filed a motion for an order compelling Principal to produce all documents responsive to Giddings's discovery requests that have been withheld on the basis of attorney-client and/or work-product privilege. Giddings asserts that Principal waived the attorney-client privilege as to the requested documents because Principal is relying upon an "advice of counsel" defense and because Principal disclosed the documents to individuals who were not attorneys. Principal opposes the motion to compel, asserting that the privileges of attorney-client and/or work-product apply to the requested documents.

A party may seek an order to compel discovery when an opposing party fails to respond to discovery requests or has provided evasive or incomplete responses. Fed. R. Civ. P. 37(a). Wisconsin's privilege law applies to this case. Fed. R. Evid. 501. In Wisconsin, "a client has a privilege to refuse to disclose . . . confidential communications made for the purpose of facilitating the rendition of professional legal services to the client." Wis. Stat. § 905.03(2). Section 905.03(1)(d) defines a confidential communication as one that is "not intended to be disclosed to 3rd persons other than those to whom disclosure is in furtherance of the rendition of professional legal services to the client or those reasonably necessary for the transmission of the communication." Wis. Stat. § 905.03(1)(d)

Giddings argues that Principal waived the attorney-client privilege by disclosing the communications to individuals who were not attorneys. However, Principal points out that all the communications at issue were made for the purpose of facilitating the rendition of professional legal services, and they were not disclosed to individuals other than representatives of Principal who had a reason to know the content of those communications. (Mills Decl. ¶¶ 7, 9.) Section 905.03(3) specifically provides that the attorney-client privilege may be claimed by the "representative of a corporation." Wis. Stat. 905.03(3). In addition, Wisconsin law allows a privileged communication to be shared among those persons "to whom disclosure is in furtherance of the rendition of professional legal services to the client or those reasonably necessary for the transmission of the communication." Wis. Stat. § 905.03(1)(d). And pursuant to Wis. Stat. § 905.03(2), a communication

between two client representatives is privileged if it is confidential and facilitates the rendition of professional legal services to the client. *Id.* Therefore, Principal did not waive the attorney-client privilege by disclosing the communications to representatives of Principal who were not attorneys.

Giddings also argues that Principal waived the attorney-client privilege by placing the advice of counsel at issue. Giddings asserts that Principal is relying upon an "advice of counsel" defense by placing the "reasonableness of their conduct at issue," and, as a result, Principal must reveal the legal advice they received. (Mot. to Compel 4.) Principal contends that it is not relying upon an "advice of counsel" defense; rather, Principal asserts that its employees simply relied upon the advice of counsel in conducting themselves in this case. Principal argues that relying upon legal advice does not waive the attorney-client privilege.

The attorney-client privilege is generally waived when the client asserts claims or defenses that put the client's attorney's advice at issue in the litigation. *Garcia v. Zenith Electronics Corp.*, 58 F.3d 1171, 1175 n.1 (7th Cir. 1995). The Seventh Circuit has held that "[t]o waive the attorney-client privilege by voluntarily injecting an issue in the case, a defendant must do more than merely deny a plaintiff's allegations. The holder must inject a new factual or legal issue into the case. Most often, this occurs through the use of an affirmative defense." *Lorenz v. Valley Forge Ins. Co.*, 815 F.2d 1095, 1098 (7th Cir. 1987); *see also Rhone-Pouleac Rorer Inc. v. Home Indemnity Co.*, 32 F.3d 851, 863 (3rd Cir. 1994) (holding that a client puts an attorney's advice at issue when "the client asserts a claim or defense, and

attempts to prove that claim or defense by disclosing an attorney client communication."); *Chamberlain Group v. Interlogix, Inc.*, 2002 U.S. Dist. Lexis 5468, 2002 WL 467153 at *2 (N.D. Ill. March 27, 2002) (holding that "[a] party must affirmatively use privileged communications to defend itself or attack its opponent in the action before the implicit waiver rule is applicable.").

In support of his position that Principal is relying upon an "advice of counsel" defense by placing the reasonableness of its conduct at issue, Giddings cites to *Johnson v. Rauland-Borg Corp.*, 961 F. Supp. 208 (N.D. Ill 1997). In *Johnson*, however, the defendant sought to introduce the testimony of an outside attorney to defend against the plaintiff's Title VII claims. *Id.* at 210. The attorney's testimony was to serve as evidence that the defendant conducted a reasonable investigation into the plaintiff's claims of sexual harassment and to establish that the defendant took sufficient "appropriate remedial action." *Id.* Here, however, a review of the record reveals that Principal has not asserted an advice of counsel claim and it has not attempted to prove any claims or defenses by disclosing or describing privileged communications. Giddings cites to no authority suggesting that a party places the advice of counsel at issue by engaging in the common practice of relying upon the advice of counsel throughout the events underlying the case. Indeed, as noted by the court in *Rhone-Poulenc Rorer*, "[a]dvice is not in issue merely because it is relevant, and does not necessarily become in issue merely because the attorney's advice might affect the client's state of mind in a relevant manner." 32 F.3d at 863. Nor has Giddings cited to anything in the record indicating that Principal is defending

against his claims by asserting an affirmative defense that relies upon a privileged attorney communication. As such, Principal has not placed the advice of counsel at issue in this litigation.

In addition, Giddings asserts that Principal must produce all requested communications that contain factual information and do not contain legal advice. In support of this position, Giddings cites to *Dawson v. New York Life Ins. Co.*, 901 F. Supp. 1362 (N.D. Ill. 1995). In *Dawson*, the court held that the communications at issue were not privileged because they were not made for the purpose of securing legal advice; rather, "the attorneys were simply called upon to provide factual information . . . ." *Id.* at 1367. Here, unlike the communications at issue in *Dawson*, the communications Giddings seeks were made for the purpose of facilitating the rendition of professional legal services to Principal (Mills Decl. ¶ 10), and thus, they are covered by the attorney-client privilege. *See* Wis. Stat. § 905.03(2). The court notes that the protection of the attorney-client privilege "extends only to *communications* and not to facts." *Upjohn Co. v. United States*, 449 U.S. 383, 395 (1981) (emphasis in original). Therefore, Giddings is not prevented from obtaining information regarding Principal's alleged actions through sources other than the privileged communications.

Giddings also contends, in an argument raised for the first time in his reply brief, that Principal waived the attorney-client privilege by asserting a "qualified privilege" defense, an affirmative defense to a defamation claim that raises matters "outside the scope of the plaintiff's prima facie case." *See Dawson*, 901 F. Supp. at

1369 (defendant waived the attorney-client privilege by voluntarily injecting the issue of qualified privilege). However, it is well settled that arguments raised for the first time in a reply brief, such as this one, are deemed waived. *Nelson v. La Crosse County Dist. Atty.*, 301 F.3d 820, 836 (7th Cir. 2002); Civil L.R. 7.1(f) ("A reply brief and any affidavits or other documents filed with the reply brief must be limited to matters in reply.").

Finally, Giddings argues that the documents identified on the privilege log as protected work product should be produced in discovery. Giddings asserts that Principal has given no indication that those documents it identified as work product were, in fact, produced in anticipation of litigation, and Giddings notes that some of the documents predate the first communication between Giddings's attorney and counsel for Principal. Pursuant to Fed. R. Civ. P. 26(b)(3), "a party may not discover documents and tangible things that are prepared in anticipation of litigation . . . ." *Id.* Principal contends that the documents identified on the privilege log as protected work product were, in fact, all prepared in anticipation of litigation. (Mills Decl. ¶ 8.) Principal also asserts that the documents it prepared prior to the first communication between Giddings's attorney and its own attorneys were prepared because of the prospect of litigation, and thus, they are also covered by the work-product doctrine. *See, e.g., Hollinger Intern. Inc. v. Hollinger, Inc.*, 230 F.R.D. 508, 512 (N.D. Ill. 2005); *see also Binks Mfg. Co. v. National Presto Indus.*, 709 F.2d 1109, 1119 (7th Cir. 1983) ("While litigation need not be imminent, the primary motivating purpose behind the creation of a document or investigative report must be to aid in possible future

-6-
Case 2:07-cv-00370-JPS   Filed 05/06/08   Page 6 of 7   Document 41

litigation."). In his reply brief, Giddings does not rebut Principal's assertion that the work-product doctrine applies to the documents prepared because of the prospect of litigation and identified on the privilege log as protected work product. Therefore, the court concludes that the work-product doctrine applies to the documents identified on the privilege log as protected work product.

In conclusion, given that the documents Giddings seeks to compel are covered by the work-product doctrine or by the attorney-client privilege and the defendant did not waive this privilege by placing the advice of counsel at issue in this litigation, Giddings' motion to compel will be denied. The court declines to award costs under Fed. R. Civ. P. 37(a)(5)(B) because it appears Giddings's position was substantially justified.

Accordingly,

**IT IS ORDERED** that the plaintiff's motion to compel (Docket #12) be and the same is hereby **DENIED**.

Dated at Milwaukee, Wisconsin, this 6th day of May, 2008.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge